1  Alan M. Bayless Feldman (State Bar No. 019074)
   Monica M. Ryden (State Bar No. 023986)
2  **JACKSON LEWIS P.C.**
3  2111 East Highland Avenue, Suite B-250
   Phoenix, AZ 85016
4  Telephone: (602) 714-7044
5  Facsimile: (602) 714-7045
   Alan.Feldman@jacksonlewis.com
6  Monica.Ryden@jacksonlewis.com

7  *Attorneys for Defendant Sunflower Bank, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brenique Williams, an individual<br><br>Plaintiff,<br><br>v.<br><br>Guardian Mortgage/Sunflower Bank, an Arizona Corporation,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and LRCiv 3.6, Defendant Sunflower Bank, N.A., improperly named as Guardian Mortgage/Sunflower Bank ("Defendant") files this Notice of Removal for the following reasons:

1. A civil action has been commenced and is now pending in the Superior Court of the State of Arizona in and for the County of Maricopa, Case No. CV2022-010848, with the above caption.

2. Pursuant to Local Rule 3.6, the following documents are attached as **Exhibits A - F** and constitute a complete copy of the file in the Arizona Superior Court:

    a. Court Docket (Exhibit A)

    b. Summons (Exhibit B);

    c. Complaint (Exhibit C);

|   |   |   |   |
|---|---|---|---|
| 1 |   | d. | Certificate of Compulsory Arbitration (Exhibit D); |
| 2 |   | e. | Civil Cover Sheet (Exhibit E); |
| 3 |   | f. | Affidavit of Service (Exhibit F). |

4    3.    Pursuant to LRCiv 3.6, the undersigned counsel for Defendant verifies that, to the best of their knowledge and belief, the documents attached as **Exhibits A – F** to this Notice of Removal are true and complete copies of all pleadings and other documents filed in the state court proceeding.

8    4.    Defendant received service of a copy of the Summons, Complaint containing a Jury Demand, and Certificate of Compulsory Arbitration on August 26, 2022.

11   5.    This Notice is being filed within thirty (30) days of Defendant' receipt of service of the Summons and Complaint. Thus, this notice is timely filed under 28 U.S.C. § 1446(b).

14   6.    Contemporaneously with this filing, Defendant is also filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of the State of Arizona, in the County of Maricopa. Defendant has on this date given written notice of this filing to the Plaintiff pursuant to 28 U.S.C. § 1446 and Local Rule 3.6, attached as **Exhibit G**.

19   7.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) – (c) based on federal question jurisdiction. Federal question jurisdiction exists because Plaintiff alleges violations of federal law. Specifically, the first cause of action asserted in Plaintiff's Complaint alleges violations of The False Claims Act - Retaliation, 31 U.S.C. § 3730(h) et seq. ("FCA"). Accordingly, this case is a civil action arising under the laws of the United States that is subject to removal. Alternatively, this Court has original jurisdiction over Plaintiff's claims based on diversity of citizenship.

28   8.    This action is also removable to this Court because there is complete

diversity of the parties. Diversity of citizenship exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

9. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of: (1) its state of incorporation and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

10. In analyzing the amount in controversy, the Court assesses and assumes the "'maximum recovery'" the Plaintiff could reasonably recover. *Strojnik v. Hyatt Hotels Corp.*, No. CV-21-00741-PHX-DWL, 2022 U.S. Dist. LEXIS 29957, at *9 (D. Ariz. Feb. 18, 2022) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)). Nevertheless, a defendant does "'not need to prove to a legal certainty that the amount in controversy requirement has been met.'" *Id.* at *10 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014)). Rather, a Defendant need only "'provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.'" *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).

11. Pursuant to 28 U.S.C. § 1348, "national banking associations shall, for the purposes of other actions by or against them, be deemed citizens of the States in which they are respectively located." Pursuant to *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), a national banking association, for purposes of diversity jurisdiction and under Section 1348, is considered a citizen of the State in which it maintains its main office. Complete diversity of citizenship exists between the parties.

    a. Plaintiff is a citizen of Arizona. Complaint at ¶ 1, attached as Exhibit C.

    b. Defendant is a national banking association federally chartered under the laws of the United States, regulated by the U.S. Office of the Comptroller of Currency and that maintains is principal place of business in the State of Colorado. *See* Declaration of Michael Alley

3

at ¶ 5, attached as **Exhibit H**. Defendant maintains its main office, pursuant to it Certificate of Corporate Existence, in Denver, Colorado. *Id.* at ¶ 6.

12. The amount in controversy exceeds $75,000. Plaintiff's Complaint provides that Plaintiff is seeking damages in excess of $450,000 to be proven at trial, punitive damages, attorneys' fees and costs. Complaint at p. 11, Section titled "Conclusion".

13. Based on the complete diversity of citizenship of the parties and the amount in controversy, jurisdiction is proper under 28 U.S.C. §1332.

14. Venue lies in the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was filed in this district and this is the judicial district in which the alleged events giving rise to the claims occurred.

For the foregoing reasons, Defendant removes this case from the Superior Court of the State of Arizona to the United States District Court, District of Arizona.

Dated: September 23, 2022.

                                        JACKSON LEWIS P.C.

                                        By: */s/ Alan M. Bayless Feldman*
                                              Alan M. Bayless Feldman
                                              Monica M. Ryden
                                              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants and by electronic mail if not registered:

Troy P. Foster
Haley Carr
The Foster Group, PLLC
902 W. McDowell Road
Phoenix, AZ 85007
tfoster@thefosterlaw.com
hcarr@thefosterlaw.com


By: /s/ Miranda L. Dotson